1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DANIEL ZANG,

Plaintiff,

v.

UMAMI SUSTAINABLE SEAFOOD, INC.,

Defendant.

Case No.:  15-cv-00475-AJB (DHB)

**ORDER REGARDING JOINT MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**(ECF No. 36)**

On November 2, 2016, Plaintiff Daniel Zang ("Plaintiff") and Defendant Umami Sustainable Seafood, Inc. ("Defendant") filed a Joint Motion to Compel Production of Documents.  (ECF No. 36.)  Plaintiff seeks to compel production of documents responsive to Requests for Production Nos. 2, 5, 10, and 11, and Interrogatory No. 20.  Defendant opposes.  (*Id*. at pp. 13-16.)  More specifically, Plaintiff seeks an order compelling Defendant's production of all Board of Director Meeting and Special Committee Meeting Minutes for 2012 and any related communications and documentation discussing Defendant's shareholders, share transfers, customers, creditors, collateral, collateral agreements, collateral movements and financial position discussed therein.  (*Id*. at p. 12.) In addition and/or in the alternative, Plaintiff requests an order prohibiting Defendant from

relying upon any documents that should have been produced and also award Plaintiff its reasonable expenses and attorneys' fees and costs incurred in pursuing this motion.  (*Id*.)

Having considered the parties' submissions, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel.

## I.    BACKGROUND

Plaintiff commenced this action on March 3, 2015.  (ECF No. 1).  The Court hereby incorporates the factual background laid out by the Honorable Anthony J. Battaglia in his Order Granting in Part and Denying in Part Defendant's Motion to Dismiss.  (ECF No. 22.) Following Judge Battaglia's Order, Plaintiff filed a First Amended Complaint bringing claims against Defendant for breach of contract, breach of covenant of good faith and fair dealing, and violation of New York Labor Law §§ 190, *et seq*.  (ECF No. 23.)   On September 30, 2015, Judge Battaglia dismissed with prejudice Plaintiff's New York Labor Law §§190, *et seq*. claim.  (ECF No. 29.)  Defendant thereafter filed an Answer.  (ECF No. 30.)

Following a Case Management Conference, Judge Bartick issued a Scheduling Order regulating discovery in this matter.  (ECF Nos. 34, 35.)  Pursuant to the Scheduling Order, all discovery was to be completed on or before September 16, 2016.  (ECF No. 35 at ¶ 5.)  All dispositive motions were due on or before November 2, 2016.  (*Id*. at ¶ 6.)  On November 2, 2016, the parties filed this Joint Motion to Compel Production of Documents and Defendant filed a Motion for Summary Judgment.  (ECF Nos. 36, 37.)

## II.   LEGAL STANDARD

The threshold requirement for discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense and proportional to the needs of the case."  Fed R. Civ. P. 26(b)(1).  Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

1  discovery outweighs its likely benefit." *Id.* "Information within this scope of discovery
2  need not be admissible in evidence to be discoverable." *Id.*

3      The relevance standard is commonly recognized as one that is necessarily broad in
4  scope. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman*
5  *v. Taylor*, 329 U.S. 495, 501 (1947)). However broadly defined, relevancy is not without
6  "ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. Accordingly, district
7  courts have broad discretion to determine relevancy for discovery purposes. District courts
8  also have broad discretion to limit discovery. For example, a court may limit the scope of
9  any discovery method if it determines that "the discovery sought is unreasonably
10 cumulative or duplicative, or can be obtained from some other source that is more
11 convenient, less burdensome, or less expensive" or the "proposed discovery is outside the
12 scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). "The party who
13 resists discovery has the burden to show discovery should not be allowed, and has the
14 burden of clarifying, explaining, and supporting its objections." *Duran v. Cisco Sys., Inc.*,
15 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418,
16 429 (9th Cir. 1975); *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal.
17 2005)).

18 **III.   DISCUSSION**

19      Plaintiff seeks to compel further response to his Requests for Production Nos. 2, 5,
20 10, and 11, and Interrogatory No. 20. (*See* ECF No. 36 at p. 10.) Specifically, Plaintiff
21 requests the Court enter an order compelling Defendant's production of all Board of
22 Director Meeting and Special Committee Meeting Minutes for 2012 and any related
23 communications and documentation discussing Defendant's shareholders, share transfers,
24 customers, creditors, collateral, collateral agreements, collateral movements and financial
25 position discussed therein. (*Id.* at p. 12.) In addition and/or in the alternative, Plaintiff
26 requests an order prohibiting Defendant from relying upon any documents that should have
27 been produced and also award Plaintiff its reasonable expenses and attorneys' fees and
28 costs incurred in pursuing this motion. (*Id.*)

### A.     Timeliness of Motion

As an initial matter, as pointed out by Defendant, the present motion is untimely under Judge Bartick's Civil Chambers Rules.  Plaintiff initially served his Requests for Production and Interrogatories on Defendant on April 14, 2016.  (*Id.* at Exh. 1.)  Defendant served its initial responses on May 31, 2016.  (*Id.* at Exh. 2.)  Defendant objected to Requests for Production Nos. 2 and 5 on relevancy grounds, but responded that it will produce documents "to the extent such [documents] discuss any transfer of Umami stock and/or plaintiff."  (*Id.*)  Defendant did not object to Requests for Production Nos. 10 and 11, but rather stated that it will produce all responsive, non-privileged documents.  (*Id.* at 28.)  Defendant further objected on various grounds to Interrogatory No. 20, but stated that it "will produce all non-privileged documents reflecting, evidencing or discussing any meetings or communications relating to foreclosure of Umami stock by creditors of Atlantis and/or the resignation of Oil Steindorsson as CEO of Umami."  (*Id.* at 13.)  Defendant did not, however, produce any documents with its responses, or state that no such documents exist.  (*Id.* at p. 5, Exh. 3.)  Therefore, pursuant to Judge Bartick's Civil Chambers Rules, the event giving rise to the dispute occurred on May 31, 2016, thereby starting the forty-five (45) day clock, which ran on July 15, 2016.[1]  However, in the interests of justice, the Court will address the dispute below.

### B.     Motion to Compel

First, Plaintiff seeks production of all Board of Director Meeting and Special Committee Meeting Minutes for 2012.  (ECF No. 36 at p. 12.)  In his Requests for

---

[1]     *See* Civil Chambers Rules at ¶ IV(C) ("If the parties have not resolved their dispute through the meet and confer process, counsel shall, within **forty-five (45) days** of the date upon which the event giving rise to the dispute occurred, file a joint statement entitled 'Joint Motion for Determination of Discovery Dispute' with the Court."), (D) ("For written discovery, the event giving rise to the discovery dispute is the service of the initial response, or the time for such service if no response is given."); *see also* ECF No. 36 at Exh. 3 (Plaintiff's first apparent attempt to meet and confer on the failure to produce was on August 9, 2016, nearly a month after the deadline).

Production, Plaintiff requested meeting minutes. Specifically, Request for Production No. 2 requests the "minutes and resolutions for all shareholders, directors and/or partners meetings of [Defendant] for the years 2010 through the present." (*Id.* at Exh. 1.) In addition, Request for Production No. 5 requests the "minutes of all shareholders' meetings from 2010 through current and records of all action taken by [Defendant] shareholders without a meeting." (*Id.*) In response to these requests, Defendant agreed to produce responsive documents only "to the extent such documents discuss any transfer of Umami stock and/or plaintiff." (*Id.* at Exh. 2.) In response to Interrogatory No. 20, Defendant also agreed to produce "all non-privileged documents reflecting, evidencing or discussing any meetings or communications relating to foreclosure of Umami stock by creditors of Atlantis and/or the resignation of Oli Steindorsson as CEO of Umami." (*Id.*)

Despite agreeing to produce meeting minutes, Defendant did not initially produce any meeting minutes responsive to Requests Nos. 2 and 5 and Interrogatory No. 20, and did not state in its responses, as required,[2] that no such minutes exist. (*Id.* at pp. 5-6, Exh. 2.) Defendant later informed Plaintiff that while meetings occurred, no minutes were taken. (*Id.* at Exh. 6.) Therefore, Defendant claimed there was nothing to produce. (*Id.*) ///

---

[2]    *See Medina v. Cnty of San Diego*, No. 08cv1252 BAS (RBB), 2014 WL 4793026, at *19 (S.D. Cal. Sept. 25, 2014) (a party must comply with "the requirement that he state under oath that he lacks possession, custody, and control of documents requested under Rule 34"); *Thomas v. Heberling*, No. 12-cv-01248-AWI-SAB (PC), 2015 WL 2358101, at *2 (E.D. Cal. May 15, 2015) ("In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." (internal citations omitted)); *Rodriguez v. Simmons*, No. 09-cv-02195 KJN, 2011 WL 1322003, at *7 (E.D. Cal. Apr. 4, 2011) (parties have an "obligation to clearly state that responsive documents do not exist, have already been produced, or exist *but* are being withheld on privacy grounds or due to other objections"); *see also Haeger v. Goodyear Tire & Rubber Co.*, 906 F. Supp. 2d 938, 976-80 (D. Ariz. 2012).

Specifically, Defendant denied that minutes were kept of the following meetings:

> Board of Directors: October 29, 2012; November 20, 2012

> Special Meeting of the Board of Directors: December 3, 2012; December 8, 2012

> Executive Committee: December 22, 2012; December 29, 2012; January 29, 2013; February 4, 2013; February 11, 2013

(*Id.* at Exh. 5.)

After follow up by Plaintiff, Defendant produced meeting minutes for the following dates, several of which overlap with the dates above, for which Defendant previously denied minutes existed: October 10, 2012; October 29, 2012; November 20, 2012; November 28, 2012; November 29, 2012; December 3, 2012.  (ECF No. 36 at pp. 8-9.)

Plaintiff again followed up with Defendant based on information that meeting minutes exist for the following dates:

> Board of Directors: March 21, 2012; June 25, 2012; July 4, 2012

> Special Committee Meeting: May 6, 2012; August 9, 2012; August 16, 2012; August 29, 2012; September 6, 2012

> Audit Committee: February 8, 2012; May 20, 2012

(*Id.* at Exh. 7.)

Defendant responded that these minutes "have no relevance to the dispute in this case," and stated that, as set forth in its responses to the Requests for Production, Defendant would only "produce minutes that discuss any transfer of Umami stock and/or plaintiff, which would be the only matters relevant to this case."  (*Id*. at Exh. 8; *see also* Exh. 9.) Defendant thereafter stated that it would not be producing any additional minutes.  (*Id*.; *see also* Exh. 9.)

For purposes of the present motion, Plaintiff clarifies that he only seeks Board and Special Committee meeting minutes for 2012.  (*Id*. at p. 12, Exh. 9.)  Defendant objects, arguing that "Plaintiff articulates no basis for having [Defendant] produce corporate minutes and resolutions that are removed in time and substance from the allegations in the FAC[;] [a]s the FAC  makes clear, the relevant events occurred in late 2012."  (*Id*. at p.

15.)  As Plaintiff now only seeks production of minutes from 2012, this argument is unfounded.  Defendant also argues that the meeting minutes from 2012 which it has not produced are not relevant.  However, based on the information before the Court, the Court finds all corporate meeting minutes from 2012 to be relevant under Federal Rule of Civil Procedure 26(b) and orders Defendant to produce them.

Plaintiff also seeks "any related communications and documentation discussing Defendant's shareholders, share transfers, customers, creditors, collateral, collateral agreements, collateral movements and financial position discussed" in the meeting minutes.  Plaintiff's Requests for Production Nos. 2, 5, 10, and 11 do not appear, however, to cover all related communications and documentation.  Accordingly, the Court cannot compel a blanket response.  However, to the extent any related non-privileged communications and documentation overlap with the documents sought in those requests, they must be produced.[3]

Although the Court is concerned by Defendant's lack of responsiveness and apparent misrepresentations in responding to Plaintiff's discovery requests, as the motion to compel was granted in part and denied in part, the Court, in its discretion, denies Plaintiff's request to award reasonable attorney's fees and costs incurred in pursuing this motion.  *See* Fed. R. Civ. P. 37(a)(5)(C).

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel production of documents responsive to Requests for Production Nos. 2, 5, 10, and 11, and Interrogatory No. 20.  Defendant has fifteen (15)

---

[3]     In this regard, the Court notes that as to Requests for Production Nos. 10 and 11, Defendant did not assert any objections to these requests and claims it has produced responsive documents and "is not withholding any documents responsive to these requests on grounds of relevance or otherwise."  (ECF No. 36 at pp. 13-14, Exh. 2.)  Plaintiff does not dispute this contention.

15-cv-00475-AJB (DHB)

1  court days to produce documents in accordance with this Order.  The Court **DENIES**

2  Plaintiff's request to award reasonable attorney's fees and costs in pursuing this motion.

3       IT IS SO ORDERED.

4  Dated:  December 22, 2016

6  LOUISA S PORTER
  United States Magistrate Judge